UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                          Case No.:  14-12674-BKC-JKO
                                                                Chapter 7
UNITED ELECTRONICS,
CORPORATION

_____Debtor._____/
BARRY E. MUKAMAL, as                                            Adv. Pro. No.: 15-01301-BKC-JKO
Chapter 7 Trustee for the Bankruptcy
Estate of United Electronics, Corporation,

          Plaintiff,

v.

MEIDAR HOLDINGS, LLC, a Florida
Limited Liability Corporation,

          Defendant.
_____/

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR JUDICIAL NOTICE

Plaintiff, Barry E. Mukamal (the "Trustee"), as Chapter 7 trustee of the bankruptcy estate

of United Electronics, Corporation ("Debtor" or "UEC"), by and through undersigned counsel,

files this Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, made

applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, and

Local Rule 9013-1, and Request for Judicial Notice, and in support thereof states as follows:

### Preliminary Statement

1.      By this motion the Trustee seeks the entry of a summary final judgment against

Defendant for receipt of unauthorized post-petition transfers totaling $210,477.64.  There are no

genuine issues of material fact in dispute precluding the entry of summary judgment in favor of

the Trustee.

## Jurisdiction and Venue

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334; 28 U.S.C. §§ 157(a), (b)(2)(A), (E), and (H); and Federal Rules of Bankruptcy Procedure 7001 and 7003.

3.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C § 1409(d), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the Southern District of Florida.

## Request for Judicial Notice

4.     Pursuant to Federal Rule of Evidence 201, the Trustee requests that the Court take judicial notice of the Court's docket and all filings, notices, hearings held, and orders entered in the Debtor's main bankruptcy case.

## Undisputed Facts Supporting Relief Requested

### A.     *Debtor's Chapter 11 and Conversion*

5.     On February 4, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  (Main Case ECF No. 1).[1]

6.     From the Petition Date through March 27, 2015, the Debtor operated as a debtor-in-possession.

7.     On March 13, 2015, the United States Trustee (the "UST") filed his *Expedited Motion to Appoint a Trustee or, Alternatively, to Dismiss or Convert Case and Request for an Expedited Hearing* (the "Trustee Motion"), which was heard on March 26, 2015.  (Main Case ECF No. 247).  The initial evidentiary hearing on the Trustee Motion occurred on March 19, 2015.

---

[1]   References to the Debtor's Main Bankruptcy Case Docket shall be noted as "Main Case ECF No.___".

8.      Following the hearing on the Trustee Motion, on March 26, 2015, this Court entered its *Order Directing the Appointment of a Chapter 11 Trustee* (the "Trustee Order"). (Main Case ECF No. 266)

9.      On March 27, 2015, Barry E. Mukamal was appointed as Chapter 11 trustee of the Debtor's bankruptcy estate.  (Main Case ECF No. 270, 280)

10.      Thereafter, on March 30, 3015, the Trustee filed his Emergency Motion to Convert Case to Chapter 7, which was granted by the Court on April 2, 2015.  (Main Case ECF Nos. 277, 285).

11.      The Trustee was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate on April 2, 2015.  (Main Case ECF No. 286).

12.      Defendant Meidar Holdings, LLC is a Florida Limited Liability Company authorized to do business in Florida, has its principal place of business in Broward County, Florida, and is otherwise *sui juris*.  According to filings with the Florida Department of State, the Managing Members of Defendant are Gavriel Meidar and Hanna Meidar as Tenants by the Entireties.  True and correct copies of various filings from the Florida Department of State are attached hereto as **Composite Exhibit "A"**.

13.      At all times prior to the Trustee's appointment, Gavriel Meidar served as the sole officer and director of the Debtor.  (Main Case ECF No. 22).

**B.      *Defendant Received Unauthorized Post-Petition Transfers***

14.       During the Chapter 11 proceeding, the Debtor held a Debtor-in-Possession bank account at Wells Fargo with an account number ending in 0025 (the "DIP Operating Account"). A true and correct copy of the Trustee's Affidavit in Support of Motion for Summary Judgment is attached hereto as **Exhibit "B"**.

15.     The Trustee recently received and reviewed the March 2015 statement for the DIP Operating Account.  A copy of the DIP Operating Account statement for March 2015 is attached to the Trustee's Affidavit as **Exhibit "1"**.

16.     On March 18, 2015, **the day prior to the initial evidentiary hearing on the Trustee Motion**, the Debtor effectuated two "Online Transfer[s]" to Defendant in the amounts of $100,000 and $110,477.64 (collectively, the "Transfers").  *See* **Exhibit "B"** at ¶5, Exhibit "1"

17.     Post-Petition Date, the Debtor had not made any payments to Defendant other than the Transfers.  *See* **Exhibit "B"** at ¶ 6.

18.     The day prior to the Transfers, the Debtor received $204,751.28 as payment from a customer to cover outstanding invoice(s).  *See* **Exhibit "B"** at ¶5, Exhibit "1".

19.     A review of the Court's docket in the Debtor's Main Bankruptcy Case reveals that the Debtor did not seek or obtain Court approval for the Transfers.

20.     The Transfers were not authorized under any section of the Bankruptcy Code.

### Memorandum Of Law

**A.     *Standard for Summary Judgment***

Federal Rule of Civil Procedure 56(c) requires entry of summary judgment in certain circumstances; it is provided that if no material issue of fact exists, summary judgment must be entered "forthwith." The party seeking summary judgment must identify those portions of the pleadings, depositions, answers to interrogatories, admissions, and affidavits which demonstrate the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The non-moving party must then go beyond the pleadings and by either affidavits or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *Id.* at 324.

It is not sufficient for the non-moving party to show the "mere existence of a scintilla of evidence" in support of its position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Additionally, mere speculation or conjecture as to the true nature of the facts are not sufficient to overcome a motion for summary judgment. *Knight v. U.S. Fine Insurance Co.*, 804 F.2d 9, 12 (2nd Cir. 1986), *cert. denied*, 480 U.S. 932 (1987).

In order to prevail on a motion for summary judgment, the movant must meet the criteria set forth in Federal Rule of Civil Procedure 56, made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. A Plaintiff is entitled to summary final judgment if there are no genuine issues of material fact and the court can rule as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *In re Caserta*, 182 B.R. 599 (Bankr. S.D. Fla. 1995).

In the instant case, no genuine issue of material fact exists because Defendant received unauthorized post-petition transfers which were effectuated without Court approval in violation of 11 U.S.C. § 549.

### B. *Avoidance of Unauthorized Post-petition Transfers Under 11 U.S.C. § 549*

Summary Judgment should be granted in favor of the Trustee because there are no material facts in dispute that the Defendant received the Transfers post-petition, and that the Transfers were not authorized by Court order or any provision of the Bankruptcy Code. Section 549(a) provides that:

> Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate –
>
> (1)      that occurs after the commencement of the case; and
>
> (2)      (A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by this court.

11 U.S.C. § 549(a).  To prevail on unauthorized post-petition transfer claim, the Trustee must show that there was (1) a transfer (2) of estate property (3) that was not authorized (4) after commencement of bankruptcy case. *In re Wood Treaters, LLC*, 479 B.R. 122 (Bankr. M.D. Fla. 2012).

With specific reference to postpetition transfers, the Delaware bankruptcy court explained the function of § 549(a) in *In re PSA, Inc.,* 335 B.R. 580, 584 (Bankr.D.Del.2005), as follows:

> The purpose of section 549 is to allow the trustee to avoid *those postpetition transfers which deplete the estate* while providing limited protection to transferees who deal with the debtor.

*In re PSA, Inc.,* 335 B.R. at 584 (quoted in *In re Tolkin,* 2011 WL 1302191, at *5 (Bankr.E.D.N.Y.) (emphasis added)). See also *In re Steel Wheels Transport, LLC,* 2011 WL 5900958, at *6 (Bankr.D.N.J.) (A postpetition transfer should be avoided to the extent that it depletes the estate and offends the priority scheme of the Bankruptcy Code.).

The undisputed facts are that on March 18, 2015, thirteen months after the Petition Date, the Transfers, consisting of funds in the DIP Operating Account that were property of the Debtor's bankruptcy estate under 11 U.S.C. § 541, were effectuated to the Defendant. Additionally, the Transfers were not authorized by the Court or any provision of the Bankruptcy Code.  The Transfers significantly depleted the Debtor's bankruptcy estate and lead to the demise of the chapter 11, appointment of the Trustee and conversion to chapter 7.  There can be no defenses to the Trustee's claim.  Accordingly, pursuant to section 549(a), the Trustee may avoid the Transfers from the Defendant.

### C.    The Trustee May Recover the Transfers Under 11 U.S.C. § 550(a))

Section 550(a) of the Bankruptcy Code provides "to the extent that a transfer is avoided under section ... 549 ... the trustee may *recover,* for the benefit of the estate, the property transferred .... from - (1) the *initial transferee* of such transfer or the entity for whose benefit such transfer was made". 11 U.S.C. § 550(a). As established by the Trustee's affidavit attached incorporated herein and hereto as **Exhibit "B"** each of the Transfers were made directly to and for the benefit of the Defendant, and the Defendant was the initial transferee.  If this Court finds that the Transfers are avoidable pursuant to Section 549(a) of the Bankruptcy Code, the Trustee submits that under Section 550(a) of the Bankruptcy Code he is entitled to recover the Transfers

### D.    Turnover of Property of the Estate

Because the Transfers were made from the DIP Operating Account, they constitute property of the Debtor's bankruptcy estate.  11 U.S.C. § 541.  As a result, pursuant to 11 U.S.C. § 542, the Trustee is entitled to the immediate payment and turnover from Defendant of the total amount of the Transfers.

## <u>CONCLUSION</u>

The Trustee has demonstrated that he may avoid the Transfers to Defendant as unauthorized post-petition transfers under Section 549(a) of the Bankruptcy Code.  The Trustee has also demonstrated that he may recover from the Defendant the sum of $210,477.64 pursuant to Section 550(a) of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order granting the foregoing Motion for Summary Judgment and Request for Judicial Notice, and entering Judgment against Defendant in favor of the Trustee in the amount of $210,477.64, and for such other and further relief as the Court deems just and proper.

Dated: April 24, 2015.

Respectfully submitted,

BAST AMRON LLP
*Counsel for the Trustee, Barry E. Mukamal*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Facsimile: 305.379.7905
Email: bamron@bastamron.com
          sbrown@bastamron.com

By:*/s/ Brett M. Amron*
    Brett M. Amron, Esq. (FBN 148342)
    Scott N. Brown, Esq. (FBN 663077)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this the

24th day of April, 2015, as indicated upon the parties listed on the below service list.

## SERVICE LIST

**Via U.S. Mail**

Meidar Holdings, LLC
c/o Hanna Meidar, Registered Agent
12534 Stoneway Court
Davie, FL 33330

Gavriel Meidar, Managing Member
Hanna Meidar, Managing Member
3305 Corporate Avenue
Weston, FL 33331-3141

Gavriel Meidar, Managing Member
Hanna Meidar, Managing Member
4581 Weston Road, #327
Weston, FL 33331-3141

## 2015 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# L11000115186

**Entity Name:** MEIDAR HOLDINGS, LLC

**FILED**

**Mar 20, 2015**
**Secretary of State**
**CC4869892542**

**Current Principal  Place of Business:**

3305 CORPORATE AVENUE
WESTON,  FL  33331

**Current Mailing Address:**

3305 CORPORATE AVENUE
WESTON,  FL  33331  US

**FEI Number: 90-1009009**                                    **Certificate of Status Desired:**  No

**Name and Address of Current Registered Agent:**

MEIDAR, HANNA
12534 STONEWAY COURT
DAVIE, FL  33330  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

Electronic Signature of Registered Agent                                                Date

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | MGRM |
| Name | GAVRIEL & HANNA MEIDAR TENANTS BY THE ENTI |
| Address | 3305 CORPORATE AVENUE |
| City-State-Zip: | WESTON  FL  33331 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: GAVRIEL MEIDAR                              CEO                    03/20/2015

Electronic Signature of Signing Authorized Person(s) Detail                          Date



L11000115186

---

(Requestor's Name)

(Address)

(Address)

(City/State/Zip/Phone #)

☐ PICK-UP    ☐ WAIT    ☐ MAIL

(Business Entity Name)

(Document Number)

Certified Copies _____    Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



800249740268

800249740268
07/15/13--01041--023  **25.00

2013 JUL 15 PM 1:46
SECRETARY OF STATE
TALLAHASSEE, FLORIDA
FILED

JUL 1 6 2013

J. BRYAN

# COVER LETTER

TO:   Registration Section
      Division of Corporations

SUBJECT: **MEIDAR HOLDINGS, LLC**
<u>                     Name of Limited Liability Company               </u>

The enclosed Articles of Amendment and fee(s) are submitted for filing.

Please return all correspondence concerning this matter to the following:

### GAVRIEL MEIDAR
Name of Person



Firm/Company

### 2101 N. COMMERCE PARKWAY
Address

### WESTON, FLORIDA 33326
City/State and Zip Code

### GAVRIEL@MEGA-AIRLINES.COM
E-mail address: (to be used for future annual report notification)

For further information concerning this matter, please call:

### GAVRIEL MEIDAR        954 384-6776
      Name of Person          at (    )   Area Code & Daytime Telephone Number

Enclosed is a check for the following amount:

☑ $25.00 Filing Fee    ☐ $30.00 Filing Fee &    ☐ $55.00 Filing Fee &    ☐ $60.00 Filing Fee,
                              Certificate of Status      Certified Copy       Certificate of Status &
                                           (additional copy is enclosed)   Certified Copy
                                                            (additional copy is enclosed)

**MAILING ADDRESS:**
Registration Section
Division of Corporations
P.O. Box 6327
Tallahassee, FL 32314

**STREET/COURIER ADDRESS:**
Registration Section
Division of Corporations
Clifton Building
2661 Executive Center Circle
Tallahassee, FL 32301

FILED
2013 JUL 15  PM 1:46
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

# ARTICLES OF AMENDMENT
## TO
## ARTICLES OF ORGANIZATION
## OF

**FILED**
2013 JUL 15 PM 1:46
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

MEIDAR HOLDINGS, LLC
_____
(Name of the Limited Liability Company as it now appears on our records.)
(A Florida Limited Liability Company)

The Articles of Organization for this Limited Liability Company were filed on **10/07/2011** and assigned

Florida document number **N/A**

L11000115186

This amendment is submitted to amend the following:

**A.** If amending name, <u>enter the new name of the limited liability company here:</u>

_____

The new name must be distinguishable and end with the words "Limited Liability Company," the designation "LLC" or the abbreviation "L.L.C."

Enter new principal offices address, if applicable:    _____

*(Principal office address MUST BE A STREET ADDRESS)*    _____

_____

Enter new mailing address, if applicable:    _____

*(Mailing address MAY BE A POST OFFICE BOX)*    _____

_____

**B.** If amending the registered agent and/or registered office address on our records, <u>enter the name of the new registered agent and/or the new registered office address here:</u>

Name of New Registered Agent:    _____

New Registered Office Address:    _____
*Enter Florida street address*

_____ **, Florida** _____
City    Zip Code

**New Registered Agent's Signature, if changing Registered Agent:**

*I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent as provided for in Chapter 608, F.S. Or, if this document is being filed to merely reflect a change in the registered office address, I hereby confirm that the limited liability company has been notified in writing of this change.*

_____
If Changing Registered Agent, <u>Signature of New Registered Agent</u>

**Page 1 of 3**

**If amending the Managers or Managing Members on our records, <u>enter the title, name, and address of each Manager or Managing Member being added or removed from our records</u>:**

MGR = Manager
MGRM = Managing Member

| <u>Title</u> | <u>Name</u> | <u>Address</u> | <u>Type of Action</u> |
|---|---|---|---|
| MGRM | Hanna Meidar | 2101 N. Commerce Parkway | ☐ Add |
| | | Weston, Florida 33326 | ☑ Remove |
| MGRM | Gavriel Meidar | 2101 N. Commerce Parkway | ☐ Add |
| | | Weston, Florida 33326 | ☑ Remove |
| MGRM | Gavriel Meidar and Hanna Meidar Tenants by the Entirety | 2101 N. Commerce Parkway | ☑ Add |
| | | Weston, Florida 33326 | ☐ Remove |
| | | | ☐ Add |
| | | | ☐ Remove |
| | | | ☐ Add |
| | | | ☐ Remove |
| | | | ☐ Add |
| | | | ☐ Remove |

FILED
2015 JUL 15 PM 4: 46
SECRETARY OF STATE
TALLAHASSEE. FLORIDA

**D. If amending any other information, enter change(s) here:** *(Attach additional sheets, if necessary.)*

Dated _____ July 12, 2013 .

Signature of a member or authorized representative of a member

Gavriel Meidar / Hanna Meidar

Typed or printed name of signee

**Page 3 of 3**

**Filing Fee: $25.00**

FILED

2013 JUL 15 PM 1:46

SECRETARY OF STATE
TALLAHASSEE, FLORIDA

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          Case No.:  14-12674-BKC-JKO
                                                Chapter 7
UNITED ELECTRONICS,
CORPORATION

_____Debtor._____/
BARRY E. MUKAMAL, as                            Adv. Pro. No.: 15-01301-BKC-JKO
Chapter 7 Trustee for the Bankruptcy
Estate of United Electronics, Corporation,

     Plaintiff,

v.

MEIDAR HOLDINGS, LLC, a Florida
Limited Liability Corporation,

     Defendant.

_____/

## <u>CHAPTER 7 TRUSTEE'S AFFIDAVIT IN SUPPORT OF<br>MOTION FOR SUMMARY JUDGMENT</u>

STATE OF FLORIDA      )
                          ) ss:
COUNTY OF MIAMI-DADE   )

     BEFORE ME, the undersigned authority, this day personally appeared Barry E. Mukamal

who after first being duly sworn on oath, deposes and says:

     1.    I am the Chapter 7 trustee of the bankruptcy estate of United Electronics,

Corporation ("Debtor" or "UEC"). I have personal knowledge of the facts contained in this

affidavit.

     2.    Upon my appointment, I, along with my attorneys, was provided with certain

financial records of the Debtor. 



**EXHIBIT B**

00319584.DOCX

3.    Through my review of these financial records and certain of the Debtor's filings made in its bankruptcy case, I discovered that the Debtor had a Debtor-in-possession operating account at Wells Fargo with an account number ending in 0025 ("DIP Operating Account").

4.    As part of my duties as Trustee I received and reviewed the account statements for the DIP Operating Account for the period February 4, 2014 through March 30, 3015.  I also reviewed the Debtor's QuickBooks file that was provided to me by the Debtor's accountants.

5.    Upon my review of the March 2015 account statement for the DIP Operating Account, a copy of which is attached hereto as Exhibit "1", I discovered that on March 18, 2015, the Debtor effectuated two online transfers to Meidar Holdings, LLC in the amounts of $100,000.00 and $110,477.64 (the "Transfers").

6.    My review of the Debtor's QuickBooks file revealed that the Debtor made no other payments to Meidar Holdings, LLC prior to my appointment as Chapter 11 Trustee.

7.    I then reviewed the Court docket in the Debtor's main bankruptcy case and did not find any order authorizing such payments.

8.    Under the penalty of perjury I declare that I have read the foregoing affidavit and the facts stated therein are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

By: _____

Barry E. Mukamal, Chapter 7 Trustee

**Sworn and Subscribed** before me this

_24th_ day of _April_ , 2015.

_____

Notary Public, State of Florida

My Commission Expires:

JAZMIN PADILLA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF175417
Expires 3/9/2019

# Analyzed Business Checking

Account number:  ████0025  ■  March 1, 2015 - March 31, 2015  ■  Page 1 of 13



UNITED ELECTRONICS CORPORATION
DEBTOR IN POSESSION
CH 11 CASE#14-12674(SFL)
15751 SW 41ST ST STE 300
DAVIE FL 33331-1520

**Questions?**

*Available by phone 24 hours a day, 7 days a week:*
**1-800-CALL-WELLS** (1-800-225-5935)

*Online:* wellsfargo.com

*Write:* Wells Fargo Bank, N.A. (287)
Southeast FL Cbrm Managed
P.O. Box 6995
Portland, OR  97228-6995

## Account summary

### Analyzed Business Checking

| Account number | Beginning balance | Total credits | Total debits | Ending balance |
|---|---|---|---|---|
| ████0025 | $174,172.68 | $802,434.63 | -$904,241.52 | $72,365.79 |

## Credits
**Deposits**

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|



| | | **$154,928.31** | **Total deposits** |

**Electronic deposits/bank credits**

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|

(287)
Sheet Seq = 0006558
Sheet 00001 of 00013

EXHIBIT
**1**

Account number:    ████0025  ■  March 1, 2015 - March 31, 2015  ■  Page 2 of 13



**Electronic deposits/bank credits** (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|



| | 03/17 | 204,751.28 | DFAS-CO Invoice 0\Iea*1*000000000\ |

Account number: ███ 0025 ■ March 1, 2015 - March 31, 2015 ■ Page 3 of 13



*Electronic deposits/bank credits (continued)*

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|



## Debits

### Electronic debits/bank debits

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|

Account number: ████ 0025  ■  March 1, 2015 - March 31, 2015  ■  Page 4 of 13



*Electronic debits/bank debits* (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|

Account number:　▮▮▮▮0025　■　March 1, 2015 - March 31, 2015　■　Page 5 of 13



---

*Electronic debits/bank debits* (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|

Account number: ▮▮▮▮0025 ■ March 1, 2015 - March 31, 2015 ■ Page 6 of 13



**Electronic debits/bank debits** *(continued)*

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|





**WELLS FARGO**

---

### Electronic debits/bank debits *(continued)*

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|

Account number: ████0025 ■ March 1, 2015 - March 31, 2015 ■ Page 8 of 13



*Electronic debits/bank debits* (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|

Account number:  ████████0025  ▪  March 1, 2015 - March 31, 2015  ▪  Page 9 of 13



*Electronic debits/bank debits* (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|
| 03/18 | | 100,000.00 | Online Transfer to Meidar Holdings, LLC Ref #Ibe5Mdkm3D Business Checking Paymt From MH Accnt to Telefonika 12/19/14 |
| 03/18 | | 110,477.64 | Online Transfer to Meidar Holdings, LLC Ref #Ibe8Jfyzsz Business Checking Paymt From MH Accnt to Humana 12/19/14 |

Account number: ███ 0025 ■ March 1, 2015 - March 31, 2015 ■ Page 10 of 13



### Electronic debits/bank debits *(continued)*

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|



Account number: ▮▮▮▮0025 ■ March 1, 2015 - March 31, 2015 ■ Page 11 of 13



*Electronic debits/bank debits* (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|

Account number: ████ 0025 ■ March 1, 2015 - March 31, 2015 ■ Page 12 of 13

**WELLS FARGO**

---

*Electronic debits/bank debits* (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|

**Checks paid**

| Number | Amount | Date | Number | Amount | Date | Number | Amount | Date |
|---|---|---|---|---|---|---|---|---|



 IMPORTANT ACCOUNT INFORMATION

The following information is provided to help clarify an existing fee waiver associated with Overdraft fees. The benefit has not changed. At the end of our nightly processing, if both your ending daily account balance and your available balance are overdrawn by $5 or less, any overdraft fee(s) will be waived. This fee waiver is associated with your total overdrawn balance, not the dollar size of the transaction(s) contributing to the overdrawn balance.

NOTICE: Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at: Overdraft Collections and Recovery PO Box 5058 Portland, OR. 97208-5058. You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

©2010 Wells Fargo Bank, N.A.
All rights reserved. Member FDIC.