UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re: | Case No.: 14-12674-BKC-JKO |
| UNITED ELECTRONICS CORPORATION | Chapter 7 |
| Debtor. _____/ | |
| BARRY E. MUKAMAL, as Chapter 7 Trustee for the Bankruptcy Estate of United Electronics, Corporation, | Adv. Pro. No.: 15-01301-BKC-JKO |
| Plaintiff, | |
| v. | |
| MEIDAR HOLDINGS, LLC, a Florida Limited Liability Corporation, | |
| Defendant. _____/ | |

## MOTION FOR PROTECTIVE ORDER

Meidar Holdings, LLC by and through its undersigned counsel, hereby moves for a Protective Order with respect to the Trustee's First Request for Production of Documents and respectfully states as follows:

1. On May 1, 2015, undersigned counsel was retained to represent, *inter alia*, Defendant Meidar Holdings, LLC ("MH") in the above matter. Undersigned counsel has had an opportunity to have a limited initial meeting with Gavriel Meidar ("Mr. Meidar"), MH's principal, and to learn the basic background of the United Electronics Corporation ("Debtor" or "UEC") Chapter 11 case, the subsequent Chapter 7 case, and this adversary proceeding. However, undersigned has not yet completed his full due diligence in connection with this representation or learned the lengthy factual and procedural history of this case and the

underlying bankruptcy case. Of course, this Court has far more familiarity with this case at this point.

2. Nevertheless, based upon undersigned counsel's preliminary review, it appears that UEC filed for relief under Chapter 11 on February 4, 2014. Sometime in or about December, 2013, pre-petition, Mr. Meidar became a 55% owner of United Electronics Corporation. Notwithstanding Mr. Meidar's interest in rehabilitating the company, it soon became apparent that it was necessary to seek relief under Chapter 11 to protect the company from another principal who was also the principal of a foreclosing lender.

3. UEC was in the business of manufacturing power connectors and power distribution panels for United States Military aircraft. During the Chapter 11 case, Mr. Meidar, individually and through certain of his companies, invested substantial sums of money in UEC in order for the company to remain operating. In addition, during the normal course of business, UEC routinely used the credit of Mr. Meidar's companies to purchase sole source items and parts from vendors that would no longer sell directly to UEC because of substantial pre-petition unpaid debt, a situation established well before Mr. Meidar's tenure. Undersigned counsel has been advised that the Court is aware of these efforts to keep the company afloat and operating. For purposes of clarification, the post-petition loans are not the subject of this adversary action. This adversary action concerns goods and services purchased by MH (because the Debtor was unable to so purchase), and MH's resale of these goods and services to the Debtor under routine unsecured business terms.

4. Apparently, as of the Chapter 11 petition date and for some time prior, the Debtor was unable to obtain unsecured credit from its critical vendors and suppliers. Worse still, it was unable to order from or pay most of its vendors. In a good faith effort to rehabilitate this

2

**Aaronson Schantz Beiley P.A. | Miami Tower | 100 SE 2nd Street, 27th Floor | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336**

company, Mr. Meidar made arrangements for certain of his affiliated companies to purchase critical goods and services, critical to the Debtor's ongoing business, and to resell those goods and services to the Debtor in the ordinary course.

5.   One of those companies, MH, favored the Debtor with in excess of $309,000.00 of goods and services necessary and critical to the Debtor's operations, on standard business terms.

6. On or about April 2, 2015, the Court converted this case to proceedings under Chapter 7. Barry Mukamal is the Chapter 7 Trustee ("Trustee").

7.   According to the Trustee's adversary Complaint, MH was repaid $210,000.00 of the $309,000.00 the day before an initial evidentiary hearing on the U.S. Trustee's motion to appoint a Chapter 11 trustee or dismiss or convert the case.   The payment of $210,000.00 was only a partial payment on account for payments that were made by MH to Telefonika (one of the critical vendors which had refused any direct financial transactions with UEC) and Humana (to pay the premium for UEC's employees' health insurance plan and avoid cancellation of the policy when UEC did not have funds at the time to make the payment). In the case of Humana, this payment by MH resulted in the continuation of health insurance coverage for approximately 63 employees and their respective families.  The partial payment of $210,000.00 by the Debtor to MH was made on that day solely because the Debtor had received payment on a government contract that day.  The funds were not previously languishing in the Debtor's account and scooped up in anticipation of the conversion hearing. The timing was unfortunate. MH remains a Chapter 11 post-petition administrative creditor for $99,000.00 for goods and services provided to the Debtor.

Aaronson Schantz Beiley P.A. | Miami Tower | 100 SE 2nd Street, 27th Floor | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336

8.     The $210,000.00 payment was not a preference or a fraudulent transfer. Nevertheless, the Trustee apparently alleges that these payments to MH for goods and services which were critical to its ongoing business operations were inappropriate "post-petition transfers." There is no further explanation.

9.     On or about April 23, 2015, about ten days ago, without obtaining and reviewing document production or proceeding with Rule 2004 examinations, and presumably relying solely on a QB account, the Trustee filed a Complaint seeking to avoid alleged post-petition transfers against MH. Also with the Complaint, the Trustee filed a Motion for Summary Judgment, which has been preliminarily set for hearing on May 11, 2015 at 11:00 a.m.

10.    Along with the Complaint and Summary Judgment Motion, the Trustee served MH with discovery requests and obtained an Order from this Court, entered April 24, 2015, shortening the time for MH to respond. Some of the discovery requests are substantially overbroad such as:

a.     "Any and all documents evidencing, relating or referring to the business of Debtor and/or any dealings between you and the Debtor."

b.     "Any and all documents evidencing, relating or referring to any of your ('MH's) bank accounts for the months of March 2015, April 2015, including without limitation, account statements, wire transfers advices and instructions, cancelled checks (front and back), deposit slips, withdrawal requests, online transfer requests and instructions.

11.    In addition to the document production requests that the Trustee has served on short notice in this adversary matter, the Trustee also has served Rule 2004 subpoenas ("Subpoenas") seeking document production by May 4, 2015 from the following entities affiliated with Mr. Meidar:

4

**Aaronson Schantz Beiley P.A. | Miami Tower | 100 SE 2nd Street, 27th Floor | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336**

    a.    MH
    b.    Allied Machine Tool and Design, Inc.
    c.    Globus Aviation USA, LLC
    d.    Mega Airlines Solutions, Inc.
    e.    Mega Precision, Inc.
    f.    United Electronics Connectors Corporation

12. Each of these Subpoenas request 15 categories of documents, many of which as well are substantially overbroad, including:

    a. "Any and all documents evidencing, relating or referring of the business of the Affiliated entities and/or and dealing between Meidar and the affiliated entities."

    b. "Any and all documents evidencing, relating or referring to any dealings between the Debtor and the Affiliated entities."

    c. "Any and all documents evidencing, relating or referring to any dealings between you and the Affiliated entities."

    d. "Affiliated entities" means any and all entities with which Meidar and/or [Mario] Alvarez are affiliated including, but not limited to Globus Aviation USA, LLC, Mega Airlines Solutions, Inc., Mega Precision, Inc., United Electronic Connectors Corporation, Meidar Holdings, LLC and Allied Machine Tool & Design, Inc.

13. There is no reason for the "rush to court" approach in this case. Mr. Meider has lost approximately $800,000.00 in connection with his and his companies' efforts to maintain this business and to effect a reorganization. The Trustee is aware of the fact that MH holds substantial equity in certain real estate. Undersigned counsel has offered to provide comfort to the Trustee that this equity will not be endangered or dissipated without reasonable and substantial notice during the pendency of this case.

14. This Court is far more familiar with this case than undersigned counsel, who has been on this case for only a few days. However, from counsel's preliminary review, it would

5

Aaronson Schantz Beiley P.A. | Miami Tower | 100 SE 2nd Street, 27th Floor | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336

appear that Mr. Meidar and his affiliated companies have incurred substantial losses in this Chapter 11 case via purchases of goods and services for the Debtor and direct cash infusions, and the transfers at issue in this adversary proceeding were payments made for critically needed goods and services which were received and used by the Debtor in the ordinary course of its business.  It would appear that Mr. Meidar should not be punished for dissipating substantial personal resources in an effort to reorganize this Debtor.  In fact, without the generosity of Mr. Meidar and his businesses, there would probably not have been a Chapter 11 case.

15. While the Trustee here appears to be very aggressive, the Debtor believes that it would benefit the Estate if the Trustee were to take his foot off the accelerator, and take some relevant and focused discovery, and proceed with this adversary case, if warranted, in the ordinary course.  To that aim, the Debtor's counsel hopes to work with the Trustee's counsel to reach an agreement to narrow the focus of the exceedingly overbroad (and often vague) discovery requests served so as to provide all relevant information desired by the Trustee without the need for an exhaustive, overly burdensome search for records which have no relevance to this case.  If those efforts fail, the Debtor will return to the Court to seek reasonable limitations on the Trustee's requests.

16. Although it is not the primary basis for seeking protection herein, it should be noted that Mr. Meidar's wife is presently undergoing treatment for breast cancer and is scheduled for surgery on May 12, 2015.  As well, Mr. Meidar himself was diagnosed with a skin cancer, has undergone treatment within the last two years, and is presently being tested.  While this is not alone the basis for protection, the Defendant brings this to the Court's attention because Mr. Meidar is the most knowledgeable person who will, by necessity, be primarily responsible for compiling the relevant responsive documents for MH and each of his other

6

**Aaronson Schantz Beiley P.A. | Miami Tower | 100 SE 2nd Street, 27th Floor | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336**

companies. Mr. Meidar, himself and through his companies, have lost hundreds of thousands of dollars trying to save the Debtor, but now in addition to defending MH in this adversary case, and fielding discovery requests to five other companies, he has his wife's, and possibly his own, significant health issues to deal with as well. Therefore, given the unnecessarily short window provided for a response to the Trustee's discovery, and the vague and overbroad nature of some of those requests, it is simply not possible for Mr. Meidar to produce responsive documents in the time frame requested.

17. Undersigned counsel believes that a more deliberate and reasonable approach to these claims by the Trustee may be more appropriate to this case, and that there are no circumstances here that warrant either expedited discovery or a fast track resolution of this case.

18. Accordingly, the Defendant respectfully requests 45 days to gather and produce documents responsive to the Trustee's request, and further, would be willing to represent to the Court that there will be no diversion of assets or equity in MH's real estate during the pendency of this case without reasonable advance notice to the Trustee. Mr. Meidar's other companies, MH's affiliated entities, are making this same request in the UEC Chapter 7 case as well.

WHEREFORE, Meidar Holdings, LLC respectfully requests the entry of an Order granting it protection from, and extending the deadline to file responses to, the Trustee's First Request for Production of Documents, and allow Defendant an additional 45 days, limiting document request production only to the allegations at hand, and any other and further relief the Court deems appropriate in the premises.

//

//

//

7

**Aaronson Schantz Beiley P.A. | Miami Tower | 100 SE 2nd Street, 27th Floor | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336**

Respectfully submitted,
**Aaronson Schantz P.A.**

s/Geoffrey S. Aaronson
Geoffrey S. Aaronson, Esq.
Florida Bar No. 349623
gaaronson@aspalaw.com
Miami Tower, 27th Floor
100 SE 2nd Street
Miami, Florida 33131
Phone: 786.594.3000
Fax:    305.424.9336
*Attorneys for Debtor*

## CERTIFICATION PURSUANT TO FED.R.BANK.P. 7026(c) (1)

I hereby certify that undersigned has conferred in good faith with counsel for the Trustee in an effort to solve this dispute without Court action.

s/Geoffrey S. Aaronson
Geoffrey S. Aaronson, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2015, the foregoing was served by the Court's CM/ECF service on all electronically noticed parties.

s/Geoffrey S. Aaronson
Geoffrey S. Aaronson

8

**Aaronson Schantz Beiley P.A. | Miami Tower | 100 SE 2nd Street, 27th Floor | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336**